# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Ex. Parte Application of<br><br>APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL; AND APPLE RETAIL GERMAN B.V. & CO. KG<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from James Prusko for Use in Foreign Proceedings | Case No. 7:23-mc-00438 |

**DECLARATION OF NORA Q.E. PASSAMANECK IN SUPPORT OF APPLE INC. *ET AL*'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1

I, Nora Q.E. Passamaneck, hereby declare as follows:

1.  I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP and counsel for Apple, Inc., Apple Distribution International Limited, and Apple Retail Germany B.V. & Co. KG (collectively, "Apple").

2.  I am familiar with the facts set forth in this declaration from personal knowledge and from documents I have reviewed.

3.  I submit this declaration in support of Apple's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. The application relates to foreign proceedings initiated by Scramoge Technology Ltd. ("Scramoge") before the Regional Court of Düsseldorf in Germany, Case No. 51105-0040LL1/LL2 ("Foreign Proceeding").

4.  In the Foreign Proceeding, Scramoge is alleging patent infringement and seeking, among other things, an injunction.

5.  The Regional Court of Düsseldorf determines liability and can impose remedies, including damages and an injunction, upon a finding of infringement.

6.  In the Foreign Proceeding, Scramoge asserts that certain Apple products infringe European Patent Nos. 2642632 and 2916418, which purportedly relate to wireless charging technology ("German Patents-In-Suit"). Scramoge contends that Apple infringes these patents by selling mobile devices that support wireless charging, including Apple's iPhone 12, iPhone 13, and iPhone 14 families of products. Scramoge seeks, among other things, an injunction.

7.  Apple expects to raise a disproportionality defense to Scramoge's request for an injunction. Under such a defense, Apple will assert that an injunction would be disproportionate to the reasonable value of a license the German Patents-In-Suit. To establish reasonableness, and

*inter alia* provide a basis for a compensation payment under the disproportionality defense, Apple intends to rely on comparable licenses to Scramoge's wireless charging patents, including the German Patents-In-Suit. The discovery sought in this application relates to licenses covering, on information and belief, the German Patents-In-Suit and/or comparable patents and is therefore directly relevant to Apple's defenses in the Foreign Proceeding.

8. Mr. Prusko holds one of the four seats on Scramoge's board of directors and is a Senior Portfolio Manager for the alternative asset manager, Magnetar Capital LLC ("Magnetar"). (*Leadership*, MAGNETAR CAPITAL, https://www.magnetar.com/who-we-are/leadership/jim-prusko [https://perma.cc/G5F5-T7AK].) Magnetar is the sole investor in the Irish patent monetization entity, Atlantic IP Services Ltd. ("Atlantic IP"), which the parent of Scramoge. In sum, Atlantic IP receives its funding from Magnetar, and Mr. Prusko is both a Senior Portfolio Manager at Magnetar and a director of Scramoge.

9. On further information and belief, Scramoge has granted license(s) covering the German Patents-In-Suit and/or other comparable patents. (*See, e.g.,* Adolfo Pesquera, *How We Won: Finnegan Shakes Off Patent Litigator for BMW*, LAW.COM (Aug. 24, 2023), https://www.law.com/texaslawyer/2023/08/24/how-we-won-finnegan-shakes-off-patent-litigator-for-bmw/?slreturn=20231002125857 [https://perma.cc/WH5M-NHWW].)

10. Mr. Prusko is not a named party to the Foreign Proceeding.

11. Based on a public records search for Mr. Padian's residential address, it appears that Mr. Prusko resides at 45 Cross River Rd., Pound Ridge, NY 10576 and, on information and belief, works at Magnetar's New York office, located at 10 E 53rd St, New York, NY 10022. (Passamaneck Decl. at ¶ 15, Ex. 4.) Both addresses are within the jurisdiction of the Southern District of New York.

12. Attached hereto as **Exhibit 1** is a proposed order granting Apple's Application.

13. Attached hereto as **Exhibit 2** is a true and correct copy of the subpoena for production of documents that Apple seeks leave to serve on Mr. Prusko. The date and time of production has been left blank in the exhibit so that Apple may provide sufficient time for Mr. Prusko to respond after a Court order granting Apple's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1728 Granting Leave to Obtain Discovery for Use in Foreign Proceedings.

14. Attached hereto as **Exhibit 3** is a true and correct copy of the subpoena for deposition testimony that Apple seeks leave to serve on Mr. Prusko. The date and time of the deposition has been left blank in the exhibit for the same reason as noted in the paragraph above.

15. Attached hereto as **Exhibit 4** is a true and correct copy of the results of a public records search for Mr. Prusko's residential address.

16. Attached hereto as **Exhibit 5** is a true and correct copy of a September 30, 2023 Form B1C Annual Return General for Scramoge.

17. Attached hereto as **Exhibit 6** is a true and correct copy of a November 15, 2022 Form B1C Annual Return General for Croi.

18. Attached hereto as **Exhibit 7** is a true and correct copy of an Order Granting Ex Parte Application for Leave to Obtain Discovery Pursuant to 28 U.S.C. § 1782, granted in a case captioned *In re Ex Parte Application of Bayerische Motoren Werke AG*, 7:22-mc-00115-VB (S.D.N.Y. April 29, 2022), filed as Dkt. No. 10.

19. Attached hereto as **Exhibit 8** is a true and correct copy of an Opinion and Order issued in a case captioned *In re Ex Parte Application of Bayerische Motoren Werke AG*, 7:22-mc-00115-VB (S.D.N.Y. July 19, 2022), as published at 2022 WL 2817215.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 13, 2023 at Denver, Colorado.

*/s/ Nora Q.E. Passamaneck*
Nora Q.E. Passamaneck