# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In re Ex Parte Application of Apple Et Al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: James Prusko, 45 Cross River Rd, Pound Ridge, NY 10576

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: WilmerHale, 250 Greenwich St., 45th Floor, New York NY 10007, or as otherwise agreed on by counsel | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Apple Inc. Et Al. , who issues or requests this subpoena, are:

Nora Q E. Passamaneck, WilmerHale, 17th Street Plaza, 1225 17th St., Unit 2600, Denver, CO 80202; Tel: 720-598-3459; Email: Nora Passamaneck@wilmerhale.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The words and phrases used in these requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "You" or "Your" means James Prusko, and your representatives, agents, and anyone acting on your behalf.

2. "Apple" means Apple Inc. and its officers, directors, employees, agents, representatives, attorneys, parent corporations, subsidiaries, affiliates, divisions, subgroups, successors or assigns.

3. "Scramoge" means Scramoge Technology Limited and its officers, directors, employees, agents, representatives, attorneys, parent corporations, subsidiaries, affiliates, divisions, subgroups, successors or assigns.

4. "Patents-In-Suit" means European Patent Nos. 2,642,632 B1 and 2,916,418 B1.

5. "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

6. "Document(s)" has the broadest possible meaning permitted by the Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation includes tangible Things and electronically stored information, including e-mail and information stored on computer disk or other electronic,

magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

7. "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information, whether written, oral, electronic, or in any other form.

8. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

9. The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

11. The term "all" is to be construed to mean "any" and "each" and vice versa.

12. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

13. "Identify" means (1) when referring to a person, the person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to non-patent documents, the production number or type of document, its general nature and subject matter, date of creation, and all author(s), address(es), and recipient(s); (3) when

referring to patent documents, the country, patent and/or application number, dates of filing, publications, grant, and the names of patentees or applicants; and (4) when referring to a source or thing, sufficient information to identify the location, ownership, and nature of such source or thing.

14. "Describe" when used in relation to an act, event, instance, occasion, transaction, conversation, or communication, means (a) to state the date and place thereof; (b) to identify the individual participants; (c) to summarize separately for each individual participants what s/he said or did; and (d) to identify each document used or prepared in connection therewith or making any reference thereto.

**INSTRUCTIONS**

The following instructions shall apply to all the below Requests and should be considered part of each Request.

1. You shall produce all responsive Documents and Things (including any stored by electronic means). If You are withholding or intend to withhold any Documents or Things responsive to these requests, You are requested to state the basis for withholding the Document or Thing in a manner sufficient to enable Apple and the Court to adjudicate the validity of its withholding. In the case of any Documents and Things being withheld on the grounds of attorney-client privilege, work-product doctrine, or other privilege doctrine or immunity, please also provide a privilege log identifying the following information for each Document or Thing:

    a. the request to which the Document or Thing is responsive;

    b. the title of the Document or Thing;

    c. the date appearing on the Document or Thing, and if no date appears thereon, so state and give the date, or approximate date, on which the Document or Thing was prepared;

    d. the type or general nature of the Document or Thing (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);

    e. number of pages;

    f. attachments;

    g. appendices;

    h. the name, title, and company affiliation of the Person who prepared the Document or Thing;

      i.      the name, title, and company affiliation of each Person to whom the Document or Thing was disclosed, including the Person or Persons to whom it was addressed and the Person or Persons who received the Document or Thing, or copies of the Document or Thing, including blind copy recipients, and any individual to whom the Document or Thing was distributed, shown, or explained;

      j.      the name, title, and company affiliation of the Person or Persons who maintain custody of the Document or Thing; and

      k.      the general subject matter of the Document or Thing and the basis for withholding the Document or Thing, in a manner sufficient for Apple and the Court to determine the validity of Your withholding.

2. Produce all responsive Documents and Things in Your actual or constructive possession, custody, or control, or the actual or constructive possession, custody, or control of Your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Your behalf. Documents and Things in Your actual or constructive possession, custody, or control include documents stored in electronic form on a server controlled by a related or unrelated entity (including but not limited to subsidiary companies, parent companies, subsidiaries of parent companies, and unrelated third parties) that You have the ability to access as part of the ordinary course of business. You are to produce entire Documents and Things, including attachments, enclosures, cover letters, memoranda, and appendices.

3. Each Document and Thing is to be produced along with all nonidentical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course

of business.  In the event that multiple copies of a Document or Thing exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

   4.  If a responsive Document or Thing is not in Your possession, custody, or control, identify the names of the Persons who have possession, custody, or control of such Document and Thing.  If such Document or Thing was in Your possession, custody, or control in the past but is no longer in Your possession, custody, or control, state what disposition was made of it, the reasons for such disposition, identify any Persons having any knowledge of said disposition, and identify the Persons responsible for such disposition.

   5.  If a responsive Document or Thing has been destroyed or is alleged to have been destroyed, state the reasons for its destruction, the names of the Persons having any knowledge of its destruction and the names of the Persons responsible for its destruction.

   6.  If You contend that any Request is objectionable in whole or in part, You shall state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Request insofar as it is not deemed objectionable.

   7.  If You find the meaning of any term in these Requests unclear or ambiguous, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

   8.  Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

   9.  Pursuant to Federal Rule of Civil Procedure 45(e), Apple Requests that You produce any electronically stored information ("ESI") responsive to these Requests in single-page, Group IV tagged image file format ("TIFF"), or in multiple page, searchable PDF format, that

preserves the original formatting, the metadata, and, where applicable, the revision history. Spreadsheet files, or any other file types that cannot be reasonably imaged, may be produced in their native format. Apple reserves the right to ask You to reproduce ESI in native format if, after inspecting the ESI produced, Apple determines that the native format ESI may include additional, relevant information or additional information that may lead to the discovery of admissible evidence. All ESI should be produced with its associated metadata as that metadata is kept in the regular course of business.

10. None of the Definitions or Requests set forth above shall be construed as an admission relating to the existence of evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

11. A copy of the Order Granting Apple's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings is attached as Exhibit 1.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION 1

All license agreements, or any other agreement or contract, granted by Scramoge providing rights to one or more of the Patents-In-Suit, including the December 8, 2020, Patent Purchase Agreement by and between LG Innotek Co. Ltd. and Scramoge.

### REQUEST FOR PRODUCTION 2

All license agreements, or any other agreement or contract, granted by Scramoge providing rights to wireless charging patents owned by or assigned to Scramoge.